UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PASQUAL LOZANO,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN LEGEAND, et al.,<br><br>          Respondents. | Case No. 3:12-cv-00574-MMD-VPC<br><br>ORDER |

Petitioner has paid the filing fee. The Court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition.

Petitioner was convicted in state court of murder with the use of a weapon and attempted murder with the use of a weapon. Petitioner appealed, and the Nevada Supreme Court affirmed on July 28, 2008. Petitioner has not stated whether he pursued post-conviction relief in the state courts.

Each of petitioners grounds states, "Whatever my lawyer put." These statements do not show that petitioner is in custody in violation of the constitution or the laws of the United States. *See* 28 U.S.C. § 2254(a). Petitioner has submitted his post-conviction-appeal briefs as an exhibit (dkt. no. 5), but the Court will not construct a federal habeas corpus petition for him out of those briefs. Additionally, the Court does not possess copies of petitioner's direct-appeal briefs, and petitioner might want to present to this Court the issues that he raised on direct appeal. Petitioner should be capable of creating a federal habeas corpus petition from his direct-appeal and post-conviction-

appeal briefs, even if petitioner simply copies the grounds he raised in state court onto the federal habeas corpus petition form.

Petitioner has submitted a motion for appointment of counsel.  Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  *Weygandt*, 718 F.2d at 954.  At the moment, the Court cannot evaluate the likelihood of success on the merits, the complexity of the issues, and petitioner's ability to articulate those issues because petitioner has not presented any grounds for relief to the Court.  The Court denies petitioner's motion.

IT IS THEREFORE ORDERED that the Clerk of the Court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

IT IS FURTHER ORDERED that the motion for appointment of counsel is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

///

///

///

///

1    IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:12-cv-00574-MMD-VPC, above the word "AMENDED."

DATED THIS 26th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE