UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PASQUAL LOZANO,<br><br>               Petitioner,<br>v.<br><br>ROBERT LeGRAND, WARDEN, *et al.*,<br><br>               Respondents. | Case No. 3:12-cv-00574-MMD-VPC<br><br>ORDER |

**I.    INTRODUCTION**

Before the Court are the second amended petition for writ of habeas corpus (ECF No. 26), respondents' motion to dismiss (ECF No. 43), and petitioner's opposition (ECF No. 49). The Court finds that two grounds for relief are untimely because they do not relate back to the timely filed initial petition or first amended petition. The Court also finds in the alternative that petitioner has not exhausted his state-court remedies for one of the untimely grounds. The Court grants the motion to dismiss in part.

**II.    RELEVANT BACKGROUND**

After a jury trial in state district court, petitioner was convicted of one count of first-degree murder with the use of a deadly weapon and two counts of attempted murder with the use of a deadly weapon. (Exh. 167 (ECF No. 48-16).)[1] Petitioner appealed, and the Nevada Supreme Court affirmed on June 30, 2008. (Exh. 173 (ECF No. 48-22).)

---

[1] This was the second trial on these charges. After the first trial, the state district court granted a defense motion for a new trial, and the Nevada Supreme Court affirmed. The first trial is not relevant to the issues in the motion to dismiss.

On August 5, 2008, petitioner filed in the state district court a post-conviction habeas corpus petition. (Exh. 175 (ECF No. 48-24).) The state district court appointed counsel, who filed a supplement. (Exh. 184 (ECF No. 48-33).) The state district court denied the petition. (Exh. 188 (ECF No. 48-37).) Petitioner appealed, and the Nevada Supreme Court affirmed on October 1, 2012. (Exh. 193 (ECF No. 48-42).) Remittitur issued on November 9, 2012. (Exh. 194 (ECF No. 48-43).)

Petitioner effectively commenced this action on October 24, 2012, by mailing his initial habeas corpus petition to the Court. (ECF No. 8.) The initial petition alleged no grounds for relief, and the Court directed petitioner to file an amended petition. (ECF No. 7.) Petitioner filed his first amended petition on June 26, 2013. (ECF No. 13.) The Court appointed counsel. (ECF No. 15.) The Federal Public Defender had a conflict of interest. (ECF No. 17.) The Court appointed substitute counsel, who filed the second amended petition on April 8, 2015. (ECF No. 26.) The Court then allowed counsel to withdraw because he had accepted a position as legal counsel for a public entity in another state and he was closing his Nevada law practice. (ECF No. 29.) The Court appointed another substitute counsel, who chose to stand on the second amended petition. (ECF No. 41.) Respondents' motion to dismiss then followed.

**III.    DISCUSSION**

Respondents first argue that three grounds in the second amended petition are not timely because they do not relate back to the initial petition or the first amended petition. The one-year period of 28 U.S.C. § 2244(d)(1) started when petitioner's judgment of conviction became final. This occurred on September 29, 2008, when the time expired to file a petition for a writ of certiorari after the conclusion of the direct appeal. *Jimenez v. Quarterman,* 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). However, petitioner already had filed his state post-conviction habeas corpus petition on August 5, 2008. That petition immediately tolled the period of limitation under 28 U.S.C. § 2244(d)(2). The period of limitation remained tolled until November 9, 2012, when the Nevada Supreme Court issued its remittitur after the conclusion of the appeal from the

1 denial of the state post-conviction habeas corpus petition. *Jefferson v. Budge*, 419 F.3d
2 1013, 1015 n.2 (9th Cir. 2005). In effect, petitioner had one year from November 9, 2012,
3 to file a federal habeas corpus petition. Petitioner already had mailed his initial habeas
4 corpus petition to this court on October 24, 2012. Therefore, no time in the one-year
5 period of 28 U.S.C. § 2244(d)(1) had passed when petitioner effectively commenced this
6 action. Petitioner filed the first amended petition on June 26, 2013, or two hundred forty
7 (240) days into the one-year period. Petitioner filed the second amended petition on April
8 8, 2015, or almost a year and a half after the one-year period had expired.

The grounds of the second amended petition need to relate back to the first amended petition to be timely.[2] Relation back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner's first counsel did not designate his grounds for relief as such in the second amended petition. The second amended petition is in the format of a brief. Part I is titled "Procedural Background," part II is titled "Introduction," and part III is titled with both "Introduction" and a specific claim for relief. Parts IV through XV are more claims for relief. Respondents have designated part III as ground 1, part IV as ground 2, *et cetera*. Petitioner adopts this renumbering in his opposition. The problem is that the parties need to keep the renumbering straight, and petitioner's current counsel has not done that. Respondents argue that part VI, which they call ground 4, is both untimely and unexhausted. (ECF No. 43 at 17-18.) Petitioner's argument in opposition has confused part IV with ground 4. (ECF No. 49 at 2-3.) Respondents have bypassed one source of confusion—designating part III as ground 3 would lead to questions about what happened to grounds 1 and 2—but they have created another, worse source of confusion. From this point on, the Court will refer to the claims by their Roman-numeral designations in the

---

[2]In petitioner's case, the initial petition is not useful for relation back because it contained no grounds for relief.

3

second amended petition. The parties should do the same. The Court, the parties, and anyone who reads this order will know that parts I and II of the second amended petition do not contain claims for relief.

Respondents first argue that part IV(B) does not relate back to the first amended petition. Part IV is titled:

> Mr. Lozano Received Ineffective Assistance of Trial Counsel When Trial Counsel Elicited Testimony Which Opened the Door to Gang Evidence Being Introduced Against Mr. Lozano Which Had Previously Been Deemed Inadmissible Even for Motive in Violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

(ECF No. 26, at 12.) Part IV is broken into two sub-parts:

> A. Trial counsel was ineffective for failing to ask the same identical question as was used in the first trial to avoid allowing in gang testimony in violation of *Strickland v. Washington*.
>
> . . .
>
> B. The court erroneously allowed testimony to show motive when was [not] an [element] of any offense.

(ECF No. 26 at 13, 15.) Respondents argue that petitioner did not present in the first amended petition the claim that the trial court erroneously allowed testimony to show motive. (ECF No. 43 at 17.) Petitioner counters that the text of part IV is copied almost identically from ground 1 of the first amended petition,[3] that petitioner's earlier counsel added the headings for the sub-parts, that petitioner is not presenting a separate claim of trial-court error in allowing the testimony, and what is now part IV(B) actually is supporting argument for the claim that trial court provided ineffective assistance by eliciting testimony that allowed the prosecution to present evidence of petitioner's affiliation with a gang. (ECF No. 49 at 1-2.) The Court will not dismiss the text in part IV(B) of the second amended petition, but respondents need not respond to any perceived claim of trial-court error in part IV(B).

///

---

[3] Ground 1 of the first amended petition, in turn, is a copy of part II of petitioner's supplemental brief in his state post-conviction proceedings. (*See* Exh. 184 at 11-15 (ECF No. 48-33, at 12-16).)

| | |
|---|---|
| 1 | Respondents next argue that part V does not relate back to the first amended |
| 2 | petition. In part V, petitioner alleges that the district court erred in admitting evidence of |
| 3 | petitioner's gang affiliation and gang conduct, in violation of petitioner's rights to due |
| 4 | process, equal protection, freedom of association, and a fundamentally fair trial. Petitioner |
| 5 | admits that this claim does not relate back to the first amended petition, but argues that |
| 6 | the Court should consider the claim because he exhausted the claim in the state courts. |
| 7 | Petitioner cites no provision of law or decision of a court in support of this argument. A |
| 8 | ground can be exhausted and still need to be dismissed because it is untimely. Such is |
| 9 | the case here. The Court dismisses part V of the second amended petition. |
| 10 | Part VI of the second amended petition is a claim that trial counsel failed to object |
| 11 | to hearsay testimony from police that one of the victims, named Valentine, was a member |
| 12 | of one gang and that people present with petitioner were members of a rival gang. |
| 13 | Respondents argue that part VI is untimely and that it is unexhausted. However, as noted |
| 14 | above, respondents used their designation of "ground 4" for this claim, and that has |
| 15 | confused petitioner. Petitioner concedes that "ground 4" does not relate back. Petitioner |
| 16 | also argues that "ground 4" is exhausted because it is the same as issue III on appeal |
| 17 | from the denial of his state post-conviction habeas corpus petition. However, appellate |
| 18 | issue III and what petitioner calls "ground 4" are both claims that counsel provided |
| 19 | ineffective assistance by opening the door to evidence of petitioner's gang affiliation. |
| 20 | (ECF No. 40 at 2-3.) Petitioner mentions nothing about the claim at issue, that trial counsel |
| 21 | failed to object to hearsay testimony about other people's gang affiliations. Petitioner |
| 22 | actually is referring to *part IV* of the second amended petition, not what respondents call |
| 23 | "*ground 4*." |
| 24 | Respondents are correct. Part VI of the second amended petition does not relate |
| 25 | back to the first amended petition. The first amended petition contains no facts regarding |
| 26 | Detective Taylor's hearsay testimony. The Court dismisses part VI because it is untimely. |
| 27 | Part VI also is unexhausted. *See* 28 U.S.C. § 2254(b). On direct appeal, petitioner |
| 28 | argued that the hearsay testimony was improper. (Exh. 170 at 26-29 (ECF No. 48-19 at |

35-38).) However, that claim is legally distinct from a claim that counsel failed to object to hearsay testimony. On appeal from the denial of the state post-conviction habeas corpus petition, petitioner did not present a claim that counsel failed to object to the hearsay testimony.

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 43) is granted in part. Parts V and VI of the second amended petition (ECF No. 26) are dismissed with prejudice because they are untimely.

It is further ordered that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 26th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE