UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PASQUAL LOZANO,<br><br>                Petitioner,<br>    v.<br>ROBERT LEGRAND, *et al.*,<br><br>                Respondents. | Case No. 3:12-cv-00574-MMD-CBC<br><br>ORDER |

The transcripts of two days of Petitioner's second trial, on August 30 and 31, 2006, have errors. Respondents need to determine whether they can obtain corrected transcripts for those days.

**I.    TRANSCRIPT OF AUGUST 30, 2006**

In the transcript of proceedings for August 30, 2006, Ex. 143 (ECF No. 47-9), the testimonies of witnesses are mixed up. The following is how the testimonies and some discussions among court and counsel appear in the transcript:

ECF No. 47-9 at 18-79: Direct examination of Darrian Moten.[1]

ECF No. 47-9 at 79: The court stops the direct examination of Moten for lunch. Chief Deputy District Attorney Vicki Monroe does not state that she has finished her direct examination of Moten.

ECF No. 47-9 at 79-112: Proceedings out of the jury's presence.

ECF No. 47-9 at 82: The transcript notes a lunch recess.

ECF No. 47-9 at 112: The transcript notes a brief recess.

---

[1] Pinpoint citations are to the bates pages generated by CM/ECF, not the page numbers of the transcripts themselves.

ECF No. 47-9 at 112-13: Special Public Defender Bret Whipple has a brief "Cross-examination" of Moten about immunity from prosecution in this case. Nowhere in the pages 79-112 had Monroe stated that she had finished her direct examination of Moten.

ECF No. 47-9 at 113-14: Monroe has a brief "Redirect examination" of Moten.

ECF No. 47-9 at 114: The court excuses Moten.

ECF No. 47-9 at 114-38: The complete testimony of Las Vegas Metropolitan Police Officer Eric Grimmesey.

ECF No. 47-9 at 139-43: Direct examination of North Las Vegas Police Officer Gerald Heredia, who took photographs of one of the shooting victims in this case and who performed a fingerprint analysis.

ECF No. 47-9 at 143: Deputy District Attorney David Stanton concludes his direct examination of Heredia.

ECF No. 47-9 at 144: The transcript notes a brief recess.

ECF No. 47-9 at 144-150: Proceedings out of the jury's presence. At page 150, the court admonishes Moten not to mention anything about gangs. However, the court had excused Moten at page 114. Nowhere in the preceding pages is there any indication that Moten was being recalled as a witness.[2]

ECF No. 47-9 at 151-61: Monroe examines Moten.

ECF No. 47-9 at 162-79: Whipple cross-examines Moten.

ECF No. 47-9 at 179-80: Juror had questions for Moten, and a follow-up question by Whipple about Moten's immunity.

ECF No. 47-9 at 180-86: Monroe's redirect examination of Moten.

ECF No. 47-9 at 186-93: Whipple's recross-examination of Moten. Whipple says that he has a question regarding immunity. He refers Monroe to November 14, 2002, page 6. Monroe is confused about the reference, and she asks to approach the bench. The court sends the jury out for a brief recess. The court and counsel clarify what transcript defense counsel was using.

ECF No. 47-9 at 193: The transcript notes a brief recess.

---

[2] The defense did recall Moten, but that occurred two days later, on September 1, 2006. (ECF No. 47-12 at 13.)

ECF No. 47-9 at 194: The transcript notes "Further redirect examination." However, the questions are about fingerprint analysis, and the witness must be Heredia, not Moten. After concluding direct examination of Heredia and a brief recess, noted above, ECF No. 47-9 at 143-44, the prosecutor must have had one final question to ask Heredia.

ECF No. 47-9 at 194-98: The transcript notes "Further recross-examination." Again, the questions are about fingerprint analysis, and the witness must be Heredia, not Moten. This must be the cross-examination of Heredia, despite what the transcript notes.

ECF No. 47-9 at 198-226: Examination of Las Vegas Metropolitan Police firearms and tool mark examiner James Krylo, and conclusion of the day's proceedings.

As the above summary reflects, the testimonies of Moten and Heredia are mixed up. It does not appear that the trial court took the testimonies out of order. Nor is this a problem with how Respondents scanned and filed the transcript. The transcript's own page numbers are in the correct sequence. Instead, a discontinuity occurs each time the transcript notes a brief recess. (*See* ECF No. 47-9 at 112, 144, 193.) First, at the brief recess at page 112, Monroe's direct examination of Moten abruptly stops and Whipple conducts a brief "cross-examination" about Moten's grant of immunity devoid of any context. Second, at the brief recess at page 144, Heredia disappears and Moten reappears without any explanation. Third, at the brief recess at page 193, Moten disappears and Heredia reappears without any explanation. This is a problem with the transcription of the proceedings. Four distinct sections of the proceedings, demarcated by three brief recesses, have been transcribed in an incorrect sequence. The correct sequence of the transcript would appear to be:

1. ECF No. 47-9, pages 1-112;
2. ECF No. 47-9, pages 144-93;
3. ECF No. 47-9, pages 112-144;
4. ECF No. 47-9, pages 194-226.

## II. TRANSCRIPT OF AUGUST 31, 2006

In the transcript of the proceedings of August 31, 2006, Ex. 145 (ECF No. 47-11), the discussions at pages 4-12 are repeated at pages 23-30.

### III.  CONCLUSION

Under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Local Rule LSR 3-3(a), Respondents have the responsibility of filing the exhibits. Respondents need to determine whether they can obtain corrected transcripts for the trial proceedings of August 30 and 31, 2006.

It is therefore ordered that Respondents will have 30 days from the date of entry of this order to determine whether they can obtain corrected transcripts for the trial proceedings of August 30 and 31, 2006, currently in the docket at ECF No. 47-9 and ECF No. 47-11. At the end of the 30 days, Respondents must file a status report indicating whether they can obtain and file the corrected transcripts. The Court will issue a further order based upon Respondents' status report.

DATED THIS 25th day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE